**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Dawnyell Flynn, | Case No. 2:24-cv-00563-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Detective Todd Williams, et al., | |
| Defendants. | |

On July 23, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 11. Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2).

**I.     Screening Standard**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## II. Screening the Complaint

Ms. Flynn's complaint centers around the alleged unconstitutional infirmities surrounding her trial. She explains she was charged and convicted of first-degree murder based on several witnesses' lies and the presiding judge's failure to correct them. Indeed, she alleges there was no physical evidence connecting her to the offense. In turn, she demands (1) release from prison, (2) a new trial, and (3) $33 million in damages.

In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil rights action would necessarily imply the invalidity of her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 86-87 (1994). Thus, the relevant question in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Id*. at 487.

Here, Ms. Flynn alleges that the constitutional violations that took place during her trial played a role in her conviction and/or sentence. If so, a judgment in Plaintiff's favor would necessarily imply the invalidity of her conviction and/or sentence. Plaintiff demands a new trial and release from prison, which allows for the inference that her conviction (or sentence) has not been reversed or otherwise invalidated. Nevertheless, the Court will allow Plaintiff leave to

amend her complaint in the event her conviction has indeed been invalidated. If it **has not** been invalidated, these types of claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).[1]

As a result, the Court orders this claim is dismissed without prejudice. If Plaintiff chooses to file an amended complaint, the document must be titled "First Amended Complaint" and must specifically address whether her conviction has been reversed or otherwise invalidated. The First Amended Complaint must contain a short and plain statement describing the underlying case and the defendants' involvement in the case. *See* FED. R. CIV. P. 8(a)(2). Additionally, Plaintiff is advised that if she files a First Amended Complaint, the previous complaint (ECF No. 1-1) no longer serves any function in this case. As such, the First Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. If Plaintiff's conviction **has not been** invalidated, she may choose to pursue habeas relief.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice. The amended complaint will be due September 4, 2024. Failure to file an amended complaint by that date may result in dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court kindly attach the packet that appears on the Court's website to file a habeas petition (Form 28.2245).

DATED: August 5, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will include a template Habeas Petition packet in the event Plaintiff chooses not to amend her complaint and pursue habeas relief.